# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK DILLARD, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 14-309-JHP-SPS ) |
| LATIMER COUNTY, OKLAHOMA, et al., | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, a former inmate of the Latimer County Detention Center in Wilburton, Oklahoma, filed this civil rights action under the authority of 42 U.S.C. § 1983, seeking 7.5 billion dollars for alleged constitutional violations related to his criminal convictions and sentencing in Latimer County District Court Case No. CF-2001-153.[1] The defendants are Latimer County, Oklahoma; Latimer County District Judge Bill Welch; and Latimer County District Attorney Henry. At the time this action was initiated, plaintiff was awaiting disposition of the State's application to revoke the remainder of his suspended sentence. *See* The Oklahoma State Courts Network at http://www.oscn. net.

Plaintiff claims in his amended complaint that Defendant Judge Henry sentenced him to two consecutive, illegal sentences for five years and seven years, both suspended, and he has discharged both sentences.[2] Defendant Henry allegedly has harassed plaintiff with threats against his life, blackmail, and terrorism. Plaintiff's allegation against Latimer County is that his sentencing occurred there.

---

[1] The record in *Dillard v. James*, No. CIV-268-JHP-SPS (E.D. Okla.) (Dkt. 8-9), indicates that on August 7, 2014, plaintiff was released from incarceration on a personal recognizance bond.

[2] The record shows that plaintiff was convicted of three felonies on January 8, 2002, and he was sentenced to suspended sentences of five years, seven years, and seven years. *See* The Oklahoma State Courts Network; *Dillard*, Case No. CIV-268-JHP-SPS (Dkt. 8-1).

To the extent plaintiff seeks compensatory damages for his alleged unconstitutional convictions and sentences, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Because plaintiff has not presented evidence that his convictions or sentences have been invalidated, the court finds his claim for damages is not cognizable under § 1983.

Furthermore, "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980). In addition, a prosecutor possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on his performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993).

This court is empowered to dismiss the amended complaint pursuant to 28 U.S.C. § 1915A:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

2

28 U.S.C. § 1915A. *See also Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) ("[Section] 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee."). Here, the court finds plaintiff's complaint is frivolous, because his convictions and sentences have not been invalidated, and Defendants Welch and Henry are immune from suit.

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous, pursuant to 28 U.S.C. § 1915A(b). This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

DATED this 19th day of December 2014.

James H. Payne
United States District Judge
Eastern District of Oklahoma